**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KNIGHT SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| | ) No.: 1:21-cv-04740 |
| LRX, LLC, MARTIN SANCHEZ, JAMES RICHARDSON, and BRANDY HOLMES, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, KNIGHT SPECIALTY INSURANCE COMPANY ("Knight Specialty"), for its Complaint for Declaratory Judgment states as follows:

**THE PARTIES**

1. Knight Specialty is, and at all times relevant hereto was, an insurance corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of California.

2. Defendant herein, LRX, LLC ("LRX") is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas. LRX's members are Servando Abrego and Marta Abrego, both of whom are, and at all times relevant hereto were, natural persons and citizens of the State of Texas.

3. Defendant herein, MARTIN SANCHEZ ("Sanchez") is, and at all times relevant hereto was, a natural person and citizen of the State of Texas.

4. Defendant herein, JAMES RICHARDSON ("Richardson") is, and at all times relevant hereto was, a natural person and citizen of the State of Illinois.

1

5. Defendant herein, BRANDY HOLMES ("Holmes") is, and at all times relevant hereto was, a natural person and citizen of the State of Illinois.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the actual controversy described herein pursuant to 28 U.S.C. §1332(a) because this is a civil action between citizens of different States and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. With respect to the matter in controversy, LRX and Sanchez have been sued by both Richardson and Holmes in the Law Division of the Circuit Court of Cook County, with Richardson and Holmes each separately seeking compensatory damages in an amount in excess of $50,000. Knight Specialty was the liability insurer for LRX and Sanchez as described in full herein and seeks a declaration that it has no duty to defend or indemnify LRX or Sanchez in connection with two the "Underlying Actions" brought against LRX and Sanchez by Richardson and Holmes.

7. This Court is empowered to declare the rights and obligations of the parties hereto pursuant to 28 U.S.C. §2201(a) because there is, as described in full herein, an actual and justiciable controversy between Knight Specialty and the named Defendants herein.

8. This Court has personal jurisdiction over LRX and Sanchez because each of them purposefully availed themselves of the protections of Illinois law, conducted business in Illinois, performed a contract substantially connected with the State of Illinois and/or operated a motor vehicle within the State of Illinois.

9. This Court has personal jurisdiction over Richardson and Holmes because each of them is a citizen of the State of Illinois.

10. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this declaratory judgment action occurred within this District.

## THE KNIGHT SPECIALTY POLICY

11. Knight Specialty issued a Commercial Auto "Truckers" Policy of insurance under master policy No. WGTTX (the "Knight Specialty Policy") to Cross Border Intermodal Association Transportation, A Risk Purchasing Group for the policy period of November 27, 2017 to December 31, 2019. LRX was a Named Insured under the Knight Specialty Policy pursuant to Certificate Number 000108-01 (the "Certificate"). A copy of the Knight Specialty Policy, to which the Certificate was made a part, is attached as Exhibit A.

12. Under the heading of "Schedule of Coverages," the Certificate stated that the liability coverage provided for under the Knight Specialty Policy applied up to a limit of $1,000,000.

13. The Knight Specialty Policy provided, in part, as follows:

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, cause by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

…

We have the right and duty to defend any "Insured" against a "suit" asking for such damages…. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" … to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

…

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages … combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

All "bodily injury" [and] "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

14. The Knight Specialty Policy defines "accident" to include "continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage.'"

## BACKGROUND

15. On May 27, 2019, Sanchez was operating a 2012 International tractor with a trailer attached on Lincoln Highway in Olympia Fields, Illinois.

16. The aforementioned tractor that Sanchez was operating on May 27, 2019 was at all times relevant hereto owned by LRX.

17. On May 27, 2019, Sanchez was operating the aforementioned tractor with LRX's permission and pursuant to a contract between himself and LRX.

18. Also on May 27, 2019, Richardson was operating a Hyundai Genesis on Lincoln Highway in Olympia Fields, Illinois. The Hyundai Genesis was at the time owned by Holmes, who at the time was occupying its front passenger seat.

19. Also on May 27, 2019, Richardson brought the aforementioned Hyundai Genesis to a complete stop in the left lane of traffic of Lincoln Highway in front of a Nissan Versa being operated by one Melanie Pryor ("Pryor"). With the Hyundai Genesis and Nissan Versa still blocking the left lane of traffic of Lincoln Highway, Richardson exited the Genesis and began walking toward Pryor's Nissan Versa. As Richardson was doing so, the International tractor being

operated by Sanchez came into contact with Pryor's Nissan Versa. The contact caused Pryor's Nissan Versa to come into contact with the Hyundai Genesis.

20. On or about June 12, 2019, Pryor, through counsel, sued LRX, Sanchez and Richardson in the Circuit Court of Cook County seeking damages for bodily injuries caused by the May 27, 2019 accident. The resulting matter (hereinafter the "Underlying Pryor Action") was assigned case number 2019 L 6325 by the Clerk of the Circuit Court. A copy of the Complaint filed in the Underlying Pryor Action is attached as Exhibit B.

21. Knight Specialty defended LRX and Sanchez against the Underlying Pryor Action pursuant to terms of the Knight Specialty Policy.

22. On or about January 7, 2020, Knight Specialty learned that Pryor's medical bills incurred as a result of the May 27, 2019 accident exceeded $140,000 and that Pryor was claiming an inability to work.

23. At an unknown time prior to January 31, 2020, Richardson's auto insurer had tendered its $25,000 bodily injury liability limit toward a settlement of Pryor's claims against Richardson.

24. On or about June 22, 2020, Knight Specialty learned that Pryor's attorney had indicated his belief that Pryor's damages caused by the May 27, 2019 accident exceeded the $1 million policy limit of the Knight Specialty Policy.

25. On June 23, 2020, Knight Specialty informed LRX and Sanchez that Pryor could be seeking damages against them in excess of the $1 million policy limit of the Knight Specialty Policy.

26. In his deposition given in the summer of 2020 in connection with the Underlying Pryor Action, Richardson admitted that it was improper for him to stop his vehicle in the middle

of the road, and further admitted that the May 27, 2019 accident would not have taken place if he had not done so.

27. In his deposition given in the fall of 2020, the officer of the Olympia Fields Police Department who investigated the Accident: (a) characterized it a "road rage" incident; (b) pointed out that Richardson was weaving in and out of traffic before coming to a sudden stop in the middle of the roadway, and (c) opined, based upon his experience as a patrol officer, that it was because of road rage that Richardson did so.

28. On or about April 8, 2021, Knight Specialty learned that Pryor's medical bills incurred as a result of the May 27, 2019 accident were approaching $200,000 and that her lost wages totaled more than $525,000.

29. On or about April 23, 2021, Pryor, through her attorney, demanded that Knight Specialty settle her claims against LRX and Sanchez for the applicable $1 million liability limit of the Knight Specialty Policy. A copy of Pryor's attorney's April 23, 2021 letter is attached as Exhibit C.

30. Pryor's attorney's April 23, 2021 letter stated that "we will not hesitate to ask a jury for a verdict in excess of $10,000,000.00, if this case does not settle."

31. Pryor's attorney's April 23, 2021 letter stated that Pryor's demand for the $1 million limit of the Knight Specialty Policy would expire on May 7, 2021.

32. Pryor's counsel subsequently refused a request for an extension of time to respond to Pryor's policy limit demand.

33. On May 5, 2021, the defense counsel retained to defend LRX and Sanchez informed both LRX and Sanchez of Pryor's policy limits demand, advised LRX and Sanchez that a settlement with Pryor for the applicable $1 million policy limit would mean that Knight Specialty

6

would not have any further obligation to defend or indemnify them in connection with the May 27, 2019 accident, that they would be solely responsible for their own defense and could be personally liable for any judgment that could be entered against them should Richardson and/or Holmes file suit.

34. Later on May 5, 2021, LRX and Sanchez both agreed via e-mail to Knight Specialty's settlement of Pryor's claims for the $1 million policy limit of the Knight Specialty Policy. Copies of the e-mail exchanges between counsel and LRX and Sanchez are attached as group Exhibit D.

35. On May 20, 2021, Pryor executed a settlement agreement under which, in consideration of Knight Specialty's payment of the $1 million policy limit of the Knight Specialty Policy, Pryor fully released LRX and Sanchez from any and all claims and causes of action arising out of the May 27, 2019 accident, and pursuant to which her attorney subsequently dismissed the Underlying Pryor Action with prejudice.

36. As of May 20, 2021, neither Richardson nor Holmes had made a claim against LRX and/or Sanchez for any bodily injuries caused by the May 27, 2019 accident.

37. On May 26, 2021, Richardson, through counsel, sued LRX and Sanchez in the Law Division of the Circuit Court of Cook County, Illinois, seeking damages for bodily injuries allegedly caused by the May 27, 2019 accident. The resulting lawsuit, hereinafter the "Underlying Richardson Action," was assigned case number 2021 L 5438 by the Clerk of the Circuit Court. A copy of the Complaint filed in the Underlying Richardson Action is attached as Exhibit E.

38. On May 27, 2021, Holmes, through counsel, sued Richardson, LRX and Sanchez in the Law Division of the Circuit Court of Cook County, Illinois, seeking damages for bodily injuries allegedly caused by the May 27, 2019 accident. The resulting lawsuit, hereinafter the

"Underlying Holmes Action," was assigned case number 2021 L 5476 by the Clerk of the Circuit Court. A copy of the Complaint filed in the Underlying Holmes Action is attached as Exhibit F.

39. Illinois law prescribes a two year statute of limitations for lawsuits seeking damages for personal injuries. 735 ILCS 5/13-202.

## COUNT I – DECLARATORY JUDGMENT
## EXHAUSTION OF POLICY LIMIT

40. Knight Specialty repeats the allegations of paragraphs 1 through 38 above as if set forth in full herein.

41. An actual, ripe and justiciable controversy exists between Knight Specialty and all Defendants with respect to Knight Specialty's duty to defend, settle or indemnify the Richardson Action and the Holmes Action.

42. The Knight Specialty Policy states that its duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

43. The Knight Specialty Policy further states that the most it will pay for the total of all damages combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

44. The Limit of Insurance for Liability Coverage shown in the Declarations of the Knight Specialty Policy is $1 million.

45. The Underlying Pryor Action was settled for $1 million, thus exhausting the applicable Limit of Insurance for Liability Coverage under the Knight Specialty Policy.

46. Therefore, Knight Specialty has no further duty to defend or indemnify LRX and/or Sanchez in connection any claims or suits arising out of the May 27, 2019 accident. This includes the Underlying Richardson Action and the Underlying Holmes Action.

47. Thus, Knight Specialty has no duty to defend or indemnify LRX and/or Sanchez in connection with the Underlying Richardson Action or the Underlying Holmes Action, nor does Knight Specialty have any duty to settle the Underlying Richardson Action or the Underlying Holmes Action.

WHEREFORE, the Plaintiff, KNIGHT SPECIALTY INSURANCE COMPANY, prays this Honorable Court to:

A. Adjudicate and determine the rights of the parties hereto under the Knight Specialty Policy;

B. Find and declare that the Liability Coverage Limit of Insurance of the Knight Specialty Policy has been exhausted by payment of a settlement;

C. Find and declare that Knight Specialty has no further duty to defend or indemnify LRX and/or Sanchez in connection with the May 27, 2019 accident;

D. Find and declare that Knight Specialty has no duty to defend or indemnify LRX and/or Sanchez in connection with the Underlying Richardson Action;

E. Find and declare that Knight Specialty has no duty to defend or indemnify LRX and/or Sanchez in connection with the Underlying Holmes Action;

F. Find and declare that Knight Specialty has no duty to settle the Underlying Richardson Action;

G. Find and declare that Knight Specialty has no duty to settle the Underlying Holmes Action; and

H. Grant Knight Specialty any and all further relief that this Honorable Court may deem equitable and just.

Dated: September 7, 2021            Respectfully submitted,

                                               /s/ Rostyslaw J. Smyk
                                               Rostyslaw J. Smyk (#6255495)
                                               Ruberry, Stalmack & Garvey, LLC
                                               10 S. LaSalle St, Suite 1800
                                               Chicago, IL 60603
                                               Tel:     312-466-8050
                                               Fax:     312-466-8055
                                               ross.smyk@ruberry-law.com
                                                      Attorney for Plaintiff,
                                                      Knight Specialty Insurance Company